# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      **Plaintiff,**

  vs.                                 Case No. 03-CR-0299

BUTTRUM'S SPORTING GOODS, INC.
d/b/a Buttrum's Sporting Goods;
CHRISTOPHER W. BUTTRUM;
JENNIFER M. BUTTRUM; and
GARY E. BUTTRUM,

      **Defendants.**

## DECISION AND ORDER

      On April 16, 2004, this Court entered an order preliminarily forfeiting 44 firearms that were the subject of this criminal action. All of the defendants waived any interest in the firearms. After the notice of forfeiture was given, however, Lincoln State Bank ("Bank"), Thomas Adair ("Adair"), Jeff Uebelacker ("Uebelacker"), Raymond Baguhn ("Baguhn"), and Ken Salvack ("Salvack") petitioned the Court for return of the firearms. The Bank claimed superior title to all 44 firearms. The individual petitioners claimed superior title only to some: Adair to one, Uebelacker to one, Baguhn to three, and Salvack to thirteen. The government conceded that the Bank's interest is superior to the government's, but the individual petitioner's argued that their interests are superior even to the Bank's.

      To straighten the matter out, the Court scheduled a hearing for March 22, 2005 at 10:00 a.m. When the hearing date came, though, none of the individual petitioners appeared,

neither did their attorney. Now, those petitioner's have moved the Court to re-open the matter. Their Attorney, Awni Yasin ("Yasin"), says that he fell violently ill that morning. His illness left him disoriented and dizzy. He tried to reach his secretary, hoping she could inform the Court of his illness and inability to attend, but he could not reach her. Later, he discovered that she, too, had taken quite ill with a bronchitis that landed her in the emergency room later that day. Persistent, Yasin gathered himself, he says, and arrived at the federal courthouse at 10:10 a.m., only to find that the hearing had been adjourned and that his client's claims had been defaulted.

There are two problems with the individual petitioners' argument. First, it is not simply the absence of Yasin that is problematic. His clients failed to appear that day as well and they offer no explanation (they were challenged on the matter by the Bank, but filed no reply brief). Their testimony would have been necessary to establish a superior title in the firearms. Second, Yasin claims he arrived at the court at 10:10 a.m. only to find the hearing had ended. The Court minutes say otherwise. The hearing did not begin until 10:07 a.m. and did not end until 10:18 a.m. Yasin had an eight minute window to reach the courtroom and explain his situation. In fact, more of the hearing occurred while Yasin was in the courthouse (8 minutes) than while he was not in the courthouse (3 minutes).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Motion to Re-Open by Baguhn, Salvack, Uebelacker, and Adair [Docket No. 74] is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2005.

                                **BY THE COURT**

                                s/ Rudolph T. Randa

                                **Hon. Rudolph T. Randa**
                                **Chief Judge**